UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark MCDEVITT, PERTER BUKURAS ) <br> MARTIN J. QUIRK, JR., ) <br> WILLIAM DOHERTY, and ) <br> FRED CUCINATTA, as Trustees of ) <br> Quincy West Condominium Trust, ) <br> WILLIAM DOHERTY, Individually and ) <br> RICHARD J. BUCCHEIR, as Trustee of ) <br> 29 Sunset Point Realty Trust, ) <br>       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HP, INC., and, ) <br> HEWLETT-PACKARD DEVELOPMENT ) <br> COMPANY, L.P. D/B/A HP ) <br> DEVELOPMENT COMPANY, L.P., ) <br>       Defendants ) | CIVIL ACTION NO.: 1:24-cv-10300 |

## DEFENDANT, HP INC.'S NOTICE OF REMOVAL

Now come the defendant, HP Inc. (referred to as "Defendants"), and hereby submits this notice of removal pursuant to 28 USCA § 1441 and 28 USCA § 1446.

1. HP, Inc. is a corporation formed under the laws of the state of Delaware with its primary office located in Palo Alto, California.

2. Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., is alleged to be a limited partnership organized under the laws of and with its principle place of business located in Texas.[1]

3. Upon information and belief, Plaintiffs, Mark McDevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty and Fred Cucinatta, are trustees of the Quincy West Condominium

---

[1] Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. is not a proper party to the action. Based on the allegations of plaintiffs' complaint, the only proper party would be HP Inc.

Trust, an organized unit of owners formed pursuant to a Declaration of Trust recorded in the Norfolk Registry of Deeds, Massachusetts.

4.  Upon information and belief, Plaintiff, William Doherty, is an individual residing in Massachusetts.

5.  Upon information and belief, Buccheri is the trustee of 29 Sunset Point Realty Trust and a resident of Massachusetts.

6.  Plaintiffs have brought suit against the Defendants in Massachusetts in the Suffolk County Superior Court.

7.  A complete copy of the pleadings filed in that case, captioned Mark McDevitt, et al. vs. HP, Inc. et al., Civil Action No. 2384-CV-2678, is attached hereto as Exhibit A.

8.  As is set forth in Exhibit A, the plaintiffs allege damages in the amount of $10,000,000.. Thus, the amount in controversy exceeds $75,000.

9.  The Complaint and Civil Action Cover Sheet were filed by the Plaintiffs on November 22, 2023. A First Amended Complaint was filed on December 15, 2023

10. The First Amended Complaint was served on HP Inc., on January 19, 2024.

11. The Defendant removes this case on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(1

**WHEREFORE**, the Defendant respectfully requests that this action proceed in the United States District Court for the District of Massachusetts, as an action properly removed from state court.

Respectfully submitted,
Defendant, HP, Inc.,
By their attorneys,

2

                                                     /s/ Christopher G. Betke
                                                  Christopher G. Betke, BBO# 552588
Kristen L. Ruotolo, BBO# 685704
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com
kruotolo@coughlinbetke.com

Dated: February 6, 2024

**<u>CERTIFICATE OF SERVICE</u>**

    I, Christopher G. Betke, Esq., do hereby certify that on this 6th day of February 2024, I served a copy of the within document via email to:

Anthony J. Antonellis, Esq.
John A. Donovan, Esq.
Matthew D. Rush, Esq.
Slone and Walsh, LLP
One Boston Place, Suite 1600
Boston, MA 02108
aantonellis@sloanewalsh.com
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

                                               */s/ Christopher Betke*
                                               Christopher Betke, Esq.

EXHIBIT A

## 2384CV02678 Mark Mcdevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, And Fred Cucinatta, As Trustees Of Quincy West Condominium Trust et al vs. Hp Inc. et al

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 11/22/2023
- DCM Track:
- A- Average
- Initiating Action:
- Products Liability
- Status Date:
- 11/22/2023
- Case Judge:
- 
- Next Event:
- 

All Information | Party | Tickler | Docket | Disposition



### Party Information

**Mark Mcdevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, And Fred Cucinatta, As Trustees Of Quincy West Condominium Trust**
**- Plaintiff**

**Alias**

**Party Attorney**
- Attorney
- Antonellis, Esq., Anthony J
- Bar Code
- 557964
- Address
- Sloane and Walsh, LLP
  One Boston Place
  201 Washington Street Suite 1600
  Boston, MA 02108
- Phone Number
- (617)523-6010
- Attorney
- Donovan, III, Esq., John A
- Bar Code
- 631110
- Address
- Sloane And Walsh LLP
  One Boston Place
  201 Washington Street Suite 1600
  Boston, MA 02108
- Phone Number
- (617)523-6010
- Attorney
- Rush, Esq., Matthew D
- Bar Code

- 669990
- Address
- Sloane And Walsh, LLP
  One Boston Place
  201 Washington Street Suite 1600
  Boston, MA 02108
- Phone Number
- (617)523-6010

**More Party Information**

---

**Doherty, William**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Antonellis, Esq., Anthony J |
| | - Bar Code |
| | - 557964 |
| | - Address |
| | - Sloane and Walsh, LLP |
| | One Boston Place |
| | 201 Washington Street Suite 1600 |
| | Boston, MA 02108 |
| | - Phone Number |
| | - (617)523-6010 |
| | - Attorney |
| | - Donovan, III, Esq., John A |
| | - Bar Code |
| | - 631110 |
| | - Address |
| | - Sloane And Walsh LLP |
| | One Boston Place |
| | 201 Washington Street Suite 1600 |
| | Boston, MA 02108 |
| | - Phone Number |
| | - (617)523-6010 |
| | - Attorney |
| | - Rush, Esq., Matthew D |
| | - Bar Code |
| | - 669990 |
| | - Address |
| | - Sloane And Walsh, LLP |
| | One Boston Place |
| | 201 Washington Street Suite 1600 |
| | Boston, MA 02108 |
| | - Phone Number |
| | - (617)523-6010 |

**More Party Information**

---

**Richard J. Buccheri, As Trustee Of 29 Sunset Point Realty Trust**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | - Attorney |
| | - Antonellis, Esq., Anthony J |
| | - Bar Code |
| | - 557964 |
| | - Address |
| | - Sloane and Walsh, LLP |
| | One Boston Place |
| | 201 Washington Street Suite 1600 |
| | Boston, MA 02108 |
| | - Phone Number |
| | - (617)523-6010 |
| | - Attorney |

- Donovan, III, Esq., John A
- Bar Code
- 631110
- Address
- Sloane And Walsh LLP
  One Boston Place
  201 Washington Street Suite 1600
  Boston, MA 02108
- Phone Number
- (617)523-6010
- Attorney
- Rush, Esq., Matthew D
- Bar Code
- 669990
- Address
- Sloane And Walsh, LLP
  One Boston Place
  201 Washington Street Suite 1600
  Boston, MA 02108
- Phone Number
- (617)523-6010

**More Party Information**

**Hp Inc.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

**Hewlett-Packard Development Company, L.p. D/B/A Hp Development Company, L.p.**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

**More Party Information**

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 11/22/2023 | 02/20/2024 | 90 | |
| Answer | 11/22/2023 | 03/21/2024 | 120 | |
| Rule 12/19/20 Served By | 11/22/2023 | 03/21/2024 | 120 | |
| Rule 12/19/20 Filed By | 11/22/2023 | 04/22/2024 | 152 | |
| Rule 12/19/20 Heard By | 11/22/2023 | 05/20/2024 | 180 | |
| Rule 15 Served By | 11/22/2023 | 01/15/2025 | 420 | |
| Rule 15 Filed By | 11/22/2023 | 02/14/2025 | 450 | |
| Rule 15 Heard By | 11/22/2023 | 02/14/2025 | 450 | |
| Discovery | 11/22/2023 | 11/11/2025 | 720 | |
| Rule 56 Served By | 11/22/2023 | 12/11/2025 | 750 | |
| Rule 56 Filed By | 11/22/2023 | 01/12/2026 | 782 | |
| Final Pre-Trial Conference | 11/22/2023 | 05/11/2026 | 901 | |
| Judgment | 11/22/2023 | 11/23/2026 | 1097 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 11/22/2023 | Complaint electronically filed. | 1 | Image |
| 11/22/2023 | Civil action cover sheet filed. | 2 | Image |
| 11/22/2023 | Case assigned to:<br>DCM Track A - Average was added on 11/22/2023 | | Image |
| 12/15/2023 | Amended: First amended complaint filed by Mark Mcdevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, And Fred Cucinatta, As Trustees Of Quincy West Condominium Trust, William Doherty, Richard J. Buccheri, As Trustee Of 29 Sunset Point Realty Trust | 3 | Image |
| 12/15/2023 | Docket Note: Two summons sent via mail | | |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Pending | | |

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO.:

MARK MCDEVITT, PETER BUKURAS,    )
MARTIN J. QUIRK, JR.,            )
WILLIAM DOHERTY, and            )
FRED CUCINATTA, as Trustees of   )
Quincy West Condominium Trust,   )
WILLIAM DOHERTY, Individually, and )
RICHARD J. BUCCHERI, as Trustee of )
29 Sunset Point Realty Trust,    )
         Plaintiffs,            )
                                )
v.                              )
                                )
HP, INC., and                   )
HEWLETT-PACKARD DEVELOPMENT      )
COMPANY, L.P. D/B/A HP          )
DEVELOPMENT COMPANY, L.P.,       )
         Defendants.            )

kg

## COMPLAINT AND JURY DEMAND

## PARTIES

1.      Plaintiffs, Mark McDevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty,

and Fred Cucinatta, are trustees of the Quincy West Condominium Trust, an organization of unit

owners formed under a Declaration of Trust recorded in the Norfolk Registry of Deeds at Book

No. 6766, Page 606, with a Master Deed recorded in the Norfolk Registry of Deeds at Book No.

6766, Page No. 585.

2.      Plaintiff, William Doherty, is an individual residing at 64 Willard Street, Unit 309,

Quincy, MA 02169.

3.      Plaintiff, Richard J. Buccheri, is the trustee of 29 Sunset Point Realty Trust, a realty

trust formed under a declaration of trust dated December 1, 2011, and resides at 60 Harrison Street,

Duxbury, MA 02332.

4.      Defendant, HP Inc., is a corporation organized under the laws of Delaware, with a principal place of business at 1501 Page Mill Road, Palo Alto, CA 94304, and a registered agent of CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5.      Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., is a limited partnership organized under the laws of Texas, with a principal place of business at 10300 Energy Drive, Spring, TX 77389, and a registered agent of CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

6.      At all relevant times and all times hereinafter mentioned, the Quincy West Condominium (the "Condominium"), located at 64 Willard Street, Quincy, Massachusetts (the "Property"), consisted of a building, common areas and related facilities.

7.      At all relevant times and all times hereinafter mentioned, the Defendants, HP Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. (collectively, "Defendants"), were in the business of designing, marketing, manufacturing, packaging, selling, and distributing laptop computers throughout the United States, including to consumers located in the Commonwealth of Massachusetts.

8.      At all relevant times and all times hereinafter mentioned, the Defendants solicited business, engaged in persistent conduct, and derived revenue from goods sold and used in the Commonwealth of Massachusetts.

9.      On May 26, 2023, the Plaintiff, William Doherty, owned Unit 309 ("Unit 309) at the Condominium.

10.     On May 26, 2023, the 29 Sunset Point Realty Trust owned Unit 409 ("Unit 409") at the Condominium.

2

11.     On May 26, 2023, Francis R. Bellanti leased Unit 409 from 29 Sunset Point Realty Trust and resided in the unit.

12.     On May 26, 2023, a HP Laptop, Model Number 14-dk1022wm, serial number 5CG052BRKR (the "Product") was located inside of Unit 409.

13.      The Defendants marketed, designed, manufactured and/or distributed the Product.

14.     At all relevant times and all times hereinafter mentioned, the Defendants represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

15.     Francis R. Bellanti used the Product for its intended purpose.

16.     Francis R. Bellanti maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

17.     On May 26, 2023, while the Product was inside of Unit 409, the Product malfunctioned, caught fire and caused a fire (the "Fire") inside of Unit 409.

18.     The Fire spread and caused extensive damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of the property (the "Loss").

19.     The Product malfunctioned because of defects in the design and manufacture.

20.     Defects in the design and manufacture of the Product made it unsafe for its intended use.

21.     Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

22.     The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Fire, which caused

3

damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of property.

23.    The Plaintiff, 29 Sunset Point Realty Trust, also sustained expenses associated with tenant relocation.

24.    As a result of the Fire, Loss and Defendants' negligence and breach of implied warranty of merchantability, the Plaintiffs' property sustained damage and the Plaintiffs sustained damage, including, but not limited to damage to property and loss of use of property, all to the financial loss and detriment of Norfolk & Dedham Mutual Fire Insurance Company.

## <u>COUNT I</u>
### (Negligence v. HP, Inc.)

25.    The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 24 above, as if expressly re-written and set forth herein.

26.    The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, HP Inc., including, but not limited to, the following:

    a.    Placing in the channels of trade a product that the Defendant, HP Inc., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

    b.    Distributing a product that posed a risk of fire during normal use;

    c.    Marketing an inherently unsafe and/or dangerous product;

    d.    Misrepresenting that the Product was safe when the Defendant, HP Inc., knew or should have known that the Product was dangerous and unsafe;

e.   Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

f.   Failing to make appropriate recommendations concerning the use and maintenance of the Product;

g.   Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

h.   Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i.   Failing to warn users of the existence of a dangerous condition associated with the Product; and

j.   Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

27.   Plaintiffs have been damaged by the acts or omissions of the Defendants.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## COUNT II
**(Breach of Implied Warranty of Merchantability v. HP Inc.)**

28.   The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 27 above, as if expressly re-written and set forth herein.

3153877.v1

29.     The Defendant, HP Inc., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

30.     The Defendant, HP Inc., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

31.     The Defendant, HP Inc., was a merchant with respect to goods of the kind involved in the Loss.

32.     The Defendant, HP Inc., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, HP Inc.

33.     Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

34.     The Defendant, HP Inc., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

35.     The Fire, Loss and resulting damage to property at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, HP Inc.

36.     Due notice has been given to the Defendant, HP Inc., of its breach of said implied warranty of merchantability.

37.     Plaintiffs have been damaged by the above-described acts and omissions.

3153877.v1

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## COUNT III
### (Negligence v. Hewlett-Packard Development Company, L.P.
### d/b/a HP Development Company, L.P.)

38.     The Plaintiffs repeats, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 above, as if expressly re-written and set forth herein.

39.     The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., including, but not limited to, the following:

     a.  Placing in the channels of trade a product that the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

     b.  Distributing a product that posed a risk of fire during normal use;

     c.  Marketing an inherently unsafe and/or dangerous product;

     d.  Misrepresenting that the Product was safe when the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or should have known that the product was dangerous and unsafe;

3153877.v1

e.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

f.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

g.  Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

h.  Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i.  Failing to warn users of the existence of a dangerous condition associated with the Product; and

j.  Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

40.     Plaintiffs have been damaged as a result of the acts or omissions of the Defendants.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## COUNT IV
**(Breach of Implied Warranty of Merchantability v.**
**Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.)**

41.     The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 40 above, as if expressly re-written and set forth herein.

42.     The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

43.     The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

44.     The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., was a merchant with respect to goods of the kind involved in the Loss.

45.     The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

46.     Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

47.     The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., breached the implied warranty of merchantability because the

Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

48.     The Fire, Loss and resulting damage to the property located at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

49.     Due notice has been given to the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., of its breach of said implied warranty of merchantability.

50.     Plaintiffs are entitled to recover damages on account of Defendants' acts or omissions.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs request that the Court:

1.     Enter a judgement against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff and its insured sustained or incurred;

3153877.v1

2.    Award the Plaintiffs compensatory damages against the Defendants in an amount equal to the damages they have incurred or suffered;

3.    Award the Plaintiffs costs of suit, including attorneys' and expert witness fees;

4.    Award the Plaintiffs interest, including, but not limited to, pre-judgement interest; and

5.    Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

/s/ Anthony J. Antonellis

_____
Anthony J. Antonellis, Esq., BBO# 557964
John A. Donovan, III, Esq., BBO# 631110
Matthew D. Rush, Esq., BBO# 669990
Sloane and Walsh LLP
One Boston Place, Ste. 1600
201 Washington St.
Boston, MA 02018
aantonellis@sloanewalsh.com
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

Date: November 22, 2023

11

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court | 2 |
|---|---|---|---|

**COUNTY** Suffolk Superior Court (Boston)

| Plaintiff | Mark McDevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, and Fred Cucinatta, as Trustees of Quincy West Condominium Trust | Defendant: | HP Inc. |
|---|---|---|---|
| ADDRESS: | 64 Willard Street, Quincy, MA 02169 | | |
| | | ADDRESS: | 1501 Page Mill Road, Palo Alto, CA 94304 |

| Plaintiff: | William Doherty | Defendant: | Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. |
|---|---|---|---|
| ADDRESS: | 64 Willard Street, Unit 309, Quincy, MA 02169 | | |
| | | ADDRESS: | 10300 Energy Drive, Spring, TX 77389 |

| Plaintiff: | Richard J. Buccheri, as Trustee of 29 Sunset Point Realty Trust | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | 60 Harrison Street, Duxbury, MA 02332 | ADDRESS: | kg |
| | | BBO: | |

| Plaintiff Attorney: | Anthony J. Antonellis, Esq. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Sloane and Walsh LLP | ADDRESS: | |
| One Boston Place, 201 Washington Street, Suite 1600, Boston, MA 02108 | | | |
| BBO: | 557964 | BBO: | |

| Plaintiff Attorney: | John A. Donovan, III, Esq. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Sloane and Walsh, LLP | ADDRESS: | |
| One Boston Place, 201 Washington Street, Suite 1600, Boston, MA 02108 | | | |
| BBO: | 631110 | BBO: | |

| Plaintiff Attorney: | Matthew D. Rush, Esq. | Defendant Attorney: | |
|---|---|---|---|
| ADDRESS: | Sloane and Walsh, LLP | ADDRESS: | |
| One Boston Place, 201 Washington Street, Suite 1600, Boston, MA 02108 | | | |
| BBO: | 669990 | BBO: | |

## TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B05 | Products Liability | A | ☒ YES    ☐ NO |

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES    ☒ NO | ☐ YES    ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses     _____

    2. Total doctor expenses     _____

    3. Total chiropractic expenses     _____

    4. Total physical therapy expenses     _____

    5. Total other expenses (describe below)     _____

    Subtotal (1-5):     $0.00

B. Documented lost wages and compensation to date     _____

C. Documented property damages to date     $10,000,000.00

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F): _____10,000,000

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

Plaintiffs sustained property damage and loss of use of property as a result of the Defendants' negligence and breach of implied warranty of merchantability.

## CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|--------|-----------------------------------|--------|
| 1. |  |  |
|  | Total |  |

| Signature of Attorney/Self-Represented Plaintiff: X  /s/ Anthony J. Antonellis | Date: | November 22, 2023 |
|---|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney: X  /s/ Anthony J. Antonellis | Date: | November 22, 2023 |
|---|---|---|

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (A) |
| PE1 Administrative Action involving an Incarcerated Party | (A) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condomilnium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E(X) | |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S(X) | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND ACCURATELY, THE CASE MAY BE DISMISSED.

COMMONWEALTH OF MASSACHUSETTS

**3**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 2384CV02678

MARK MCDEVITT, PETER BUKURAS,    )
MARTIN J. QUIRK, JR.,    )
WILLIAM DOHERTY, and    )
FRED CUCINATTA, as Trustees of    )
Quincy West Condominium Trust,    )
WILLIAM DOHERTY, Individually, and    )
RICHARD J. BUCCHERI, as Trustee of    )
29 Sunset Point Realty Trust,    )
    Plaintiffs,    )
        )
v.    )
        )
HP, INC., and    )
HEWLETT-PACKARD DEVELOPMENT    )
COMPANY, L.P. D/B/A HP    )
DEVELOPMENT COMPANY, L.P.,    )
    Defendants.    )

## FIRST AMENDED COMPLAINT AND JURY DEMAND

## PARTIES

1.    Plaintiffs, Mark McDevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, and Fred Cucinatta, are trustees of the Quincy West Condominium Trust, an organization of unit owners formed under a Declaration of Trust recorded in the Norfolk Registry of Deeds at Book No. 6766, Page 606, with a Master Deed recorded in the Norfolk Registry of Deeds at Book No. 6766, Page No. 585.

2.    Plaintiff, William Doherty, is an individual residing at 64 Willard Street, Unit 309, Quincy, MA 02169.

3.    Plaintiff, Richard J. Buccheri, is the trustee of 29 Sunset Point Realty Trust, a realty trust formed under a declaration of trust dated December 1, 2011, and resides at 60 Harrison Street, Duxbury, MA 02332.

4.      Defendant, HP Inc., is a corporation organized under the laws of Delaware, with a principal place of business at 1501 Page Mill Road, Palo Alto, CA 94304, and a registered agent of CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5.      Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., is a limited partnership organized under the laws of Texas, with a principal place of business at 10300 Energy Drive, Spring, TX 77389, and a registered agent of CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

## FACTUAL ALLEGATIONS

6.      At all relevant times and all times hereinafter mentioned, the Quincy West Condominium (the "Condominium"), located at 64 Willard Street, Quincy, Massachusetts (the "Property"), consisted of a building, common areas and related facilities.

7.      At all relevant times and all times hereinafter mentioned, the Defendants, HP Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. (collectively, "Defendants"), were in the business of designing, marketing, manufacturing, packaging, selling, and distributing laptop computers throughout the United States, including to consumers located in the Commonwealth of Massachusetts.

8.      At all relevant times and all times hereinafter mentioned, the Defendants solicited business, engaged in persistent conduct, and derived revenue from goods sold and used in the Commonwealth of Massachusetts.

9.      On May 26, 2023, the Plaintiff, William Doherty, owned Unit 309 ("Unit 309) at the Condominium.

10.      On May 26, 2023, the 29 Sunset Point Realty Trust owned Unit 409 ("Unit 409") at the Condominium.

2

11.    On May 26, 2023, Francis R. Bellanti leased Unit 409 from 29 Sunset Point Realty Trust and resided in the unit.

12.    On May 26, 2023, a HP Laptop (the "Product") was located inside of Unit 409.

13.    The Defendants marketed, designed, manufactured and/or distributed the Product.

14.    At all relevant times and all times hereinafter mentioned, the Defendants represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

15.    Francis R. Bellanti used the Product for its intended purpose.

16.    Francis R. Bellanti maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

17.    On May 26, 2023, while the Product was inside of Unit 409, the Product malfunctioned, caught fire and caused a fire (the "Fire") inside of Unit 409.

18.    The Fire spread and caused extensive damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of the property (the "Loss").

19.    The Product malfunctioned because of defects in the design and manufacture.

20.    Defects in the design and manufacture of the Product made it unsafe for its intended use.

21.    Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

22.    The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Fire, which caused

damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of property.

23.     The Plaintiff, 29 Sunset Point Realty Trust, also sustained expenses associated with tenant relocation.

24.     As a result of the Fire, Loss and Defendants' negligence and breach of implied warranty of merchantability, the Plaintiffs' property sustained damage and the Plaintiffs sustained damage, including, but not limited to damage to property and loss of use of property, all to the financial loss and detriment of Norfolk & Dedham Mutual Fire Insurance Company.

## COUNT I
### (Negligence v. HP, Inc.)

25.     The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 24 above, as if expressly re-written and set forth herein.

26.     The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, HP Inc., including, but not limited to, the following:

    a.  Placing in the channels of trade a product that the Defendant, HP Inc., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

    b.  Distributing a product that posed a risk of fire during normal use;

    c.  Marketing an inherently unsafe and/or dangerous product;

    d.  Misrepresenting that the Product was safe when the Defendant, HP Inc., knew or should have known that the Product was dangerous and unsafe;

4

e.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

f.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

g.  Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

h.  Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i.  Failing to warn users of the existence of a dangerous condition associated with the Product; and

j.  Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

27.     Plaintiffs have been damaged by the acts or omissions of the Defendants.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

### COUNT II
### (Breach of Implied Warranty of Merchantability v. HP Inc.)

28.     The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 27 above, as if expressly re-written and set forth herein.

29.     The Defendant, HP Inc., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

30.     The Defendant, HP Inc., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

31.     The Defendant, HP Inc., was a merchant with respect to goods of the kind involved in the Loss.

32.     The Defendant, HP Inc., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, HP Inc.

33.     Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

34.     The Defendant, HP Inc., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

35.     The Fire, Loss and resulting damage to property at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, HP Inc.

36.     Due notice has been given to the Defendant, HP Inc., of its breach of said implied warranty of merchantability.

37.     Plaintiffs have been damaged by the above-described acts and omissions.

3172408.v1

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

### COUNT III
**(Negligence v. Hewlett-Packard Development Company, L.P.
d/b/a HP Development Company, L.P.)**

38.     The Plaintiffs repeats, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 37 above, as if expressly re-written and set forth herein.

39.     The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., including, but not limited to, the following:

a.   Placing in the channels of trade a product that the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

b.   Distributing a product that posed a risk of fire during normal use;

c.   Marketing an inherently unsafe and/or dangerous product;

d.   Misrepresenting that the Product was safe when the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or should have known that the product was dangerous and unsafe;

7

e.  Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

f.  Failing to make appropriate recommendations concerning the use and maintenance of the Product;

g.  Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

h.  Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i.  Failing to warn users of the existence of a dangerous condition associated with the Product; and

j.  Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

40.   Plaintiffs have been damaged as a result of the acts or omissions of the Defendants.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

3172408.v1

## COUNT IV
**(Breach of Implied Warranty of Merchantability v.**
**Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.)**

41.    The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 40 above, as if expressly re-written and set forth herein.

42.    The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

43.    The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

44.    The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., was a merchant with respect to goods of the kind involved in the Loss.

45.    The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

46.    Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

47.    The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., breached the implied warranty of merchantability because the

9

Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

48.    The Fire, Loss and resulting damage to the property located at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

49.    Due notice has been given to the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., of its breach of said implied warranty of merchantability.

50.    Plaintiffs are entitled to recover damages on account of Defendants' acts or omissions.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiffs request that the Court:

1.    Enter a judgement against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff and its insured sustained or incurred;

3172408.v1

2.      Award the Plaintiffs compensatory damages against the Defendants in an amount equal to the damages they have incurred or suffered;

3.      Award the Plaintiffs costs of suit, including attorneys' and expert witness fees;

4.      Award the Plaintiffs interest, including, but not limited to, pre-judgement interest; and

5.      Fashion such other relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,
Plaintiffs,
By their Attorneys,

/s/ Anthony J. Antonellis

_____
Anthony J. Antonellis, Esq., BBO# 557964
John A. Donovan, III, Esq., BBO# 631110
Matthew D. Rush, Esq., BBO# 669990
Sloane and Walsh LLP
One Boston Place, Ste. 1600
201 Washington St.
Boston, MA 02018
aantonellis@sloanewalsh.com
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

Date: December 15, 2023

11