UNITED STATES DISTRICT COURT
FOR DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK MCDEVITT, PETER BUKURAS, <br> MARTIN J. QUIRK, JR., <br> WILLIAM DOHERTY, and <br> FRED CUCINATTA, as Trustees of <br> Quincy West Condominium Trust, <br> WILLIAM DOHERTY, Individually, and <br> RICHARD J. BUCCHERI, as Trustee of <br> 29 Sunset Point Realty Trust, <br>     Plaintiffs, <br> <br> v. <br> <br> HP, INC., <br> HEWLETT-PACKARD DEVELOPMENT <br> COMPANY, L.P. D/B/A HP <br> DEVELOPMENT COMPANY, L.P., and <br> KYOCERA DOCUMENT SOLUTIONS <br> NEW ENGLAND, INC., <br>     Defendants. | C.A. No.: 1:24-cv-10300-DJC |

## SECOND AMENDED COMPLAINT AND JURY DEMAND

### PARTIES

1. Plaintiffs, Mark McDevitt, Peter Bukuras, Martin J. Quirk, Jr., William Doherty, and Fred Cucinatta, are trustees of the Quincy West Condominium Trust, an organization of unit owners formed under a Declaration of Trust recorded in the Norfolk Registry of Deeds at Book No. 6766, Page 606, with a Master Deed recorded in the Norfolk Registry of Deeds at Book No. 6766, Page No. 585.

2. Plaintiff, William Doherty, is an individual residing at 64 Willard Street, Unit 309, Quincy, MA 02169.

3. Plaintiff, Richard J. Buccheri, is the trustee of 29 Sunset Point Realty Trust, a realty trust formed under a declaration of trust dated December 1, 2011, and resides at 60 Harrison Street, Duxbury, MA 02332.

3242132.v1

4.       Defendant, HP Inc., is a corporation organized under the laws of Delaware, with a principal place of business at 1501 Page Mill Road, Palo Alto, CA 94304, and a registered agent of CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

5.       Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., is a limited partnership organized under the laws of Texas, with a principal place of business at 10300 Energy Drive, Spring, TX 77389, and a registered agent of CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201.

6.       Defendant, KYOCERA Document Solutions New England, Inc., is a corporation organized under the laws of Massachusetts, with a principal place of business at 225 Sand Road, Fairfield, NJ 07004 and a registered agent of Corporation Service Company, 84 State Street, Boston, MA 02109.

## FACTUAL ALLEGATIONS

7.       At all relevant times and all times hereinafter mentioned, the Quincy West Condominium (the "Condominium"), located at 64 Willard Street, Quincy, Massachusetts (the "Property"), consisted of a building, common areas and related facilities.

8.       At all relevant times and all times hereinafter mentioned, the Defendants, HP Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., were in the business of designing, marketing, manufacturing, packaging, selling, and distributing laptop computers throughout the United States, including to consumers located in the Commonwealth of Massachusetts.

9.       At all relevant times and all times hereinafter mentioned, the Defendants, HP Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., solicited

3242132.v1

business, engaged in persistent conduct, and derived revenue from goods sold and used in the Commonwealth of Massachusetts.

10. At all relevant times and all times hereinafter mentioned, the Defendant, KYOCERA Document Solutions New England, Inc., was engaged in the business of marketing, selling, and distributing laptop computers in the Commonwealth of Massachusetts.

11. On May 26, 2023, the Plaintiff, William Doherty, owned Unit 309 ("Unit 309) at the Condominium.

12. On May 26, 2023, the 29 Sunset Point Realty Trust owned Unit 409 ("Unit 409") at the Condominium.

13. On May 26, 2023, Francis R. Bellanti leased Unit 409 from 29 Sunset Point Realty Trust and resided in the unit.

14. On May 26, 2023, a HP Laptop (the "Product") was located inside of Unit 409.

15. The Defendants, HP Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., marketed, designed, manufactured and/or distributed the Product.

16. The Defendant, KYOCERA Document Solutions New England, Inc., sold and distributed the Product.

17. At all relevant times and all times hereinafter mentioned, the Defendants, HP Inc., Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., and KYOCERA Document Solutions New England, Inc. (collectively, the "Defendants"), represented and warranted that the Product was safe, fit for its intended uses and free of any defects.

18. Francis R. Bellanti used the Product for its intended purpose.

19. Francis R. Bellanti maintained the Product in a safe and proper manner, without any alteration or modification, and in accordance with the Product's instructions.

20. On May 26, 2023, while the Product was inside of Unit 409, the Product malfunctioned, caught fire and caused a fire (the "Fire") inside of Unit 409.

21. The Fire spread and caused extensive damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of the property (the "Loss").

22. The Product malfunctioned because of defects in the design and manufacture.

23. Defects in the design and manufacture of the Product made it unsafe for its intended use.

24. Defects in the design and manufacture of the Product established a strong likelihood of damage to property of users and others.

25. The Defendants' negligence and breach of the implied warranty of merchantability were a direct and proximate cause of the malfunction of the Product and the Fire, which caused damage to property located at the Condominium and inside of Unit 309 and Unit 409 as well as loss of use of property.

26. The Plaintiff, 29 Sunset Point Realty Trust, also sustained expenses associated with tenant relocation.

27. As a result of the Fire, Loss and Defendants' negligence and breach of implied warranty of merchantability, the Plaintiffs' property sustained damage and the Plaintiffs sustained damage, including, but not limited to damage to property and loss of use of property, all to the financial loss and detriment of Norfolk & Dedham Mutual Fire Insurance Company.

## COUNT I
**(Negligence v. HP, Inc.)**

28. The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 27 above, as if expressly re-written and set forth herein.

29. The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, HP Inc., including, but not limited to, the following:

    a. Placing in the channels of trade a product that the Defendant, HP Inc., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

    b. Distributing a product that posed a risk of fire during normal use;

    c. Marketing an inherently unsafe and/or dangerous product;

    d. Misrepresenting that the Product was safe when the Defendant, HP Inc., knew or should have known that the Product was dangerous and unsafe;

    e. Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

    f. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

    g. Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

    h. Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i. Failing to warn users of the existence of a dangerous condition associated with the Product; and

j. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

30. Plaintiffs have been damaged by the acts or omissions of the Defendant.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law. Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## COUNT II
### (Breach of Implied Warranty of Merchantability v. HP Inc.)

31. The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 30 above, as if expressly re-written and set forth herein.

32. The Defendant, HP Inc., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

33. The Defendant, HP Inc., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

34. The Defendant, HP Inc., was a merchant with respect to goods of the kind involved in the Loss.

35. The Defendant, HP Inc., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, HP Inc.

3242132.v1

36. Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

37. The Defendant, HP Inc., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

38. The Fire, Loss and resulting damage to property at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, HP Inc.

39. Due notice has been given to the Defendant, HP Inc., of its breach of said implied warranty of merchantability.

40. Plaintiffs have been damaged by the above-described acts and omissions.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, HP Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, HP Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

### COUNT III
**(Negligence v. Hewlett-Packard Development Company, L.P.**
**d/b/a HP Development Company, L.P.)**

41. The Plaintiffs repeats, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 40 above, as if expressly re-written and set forth herein.

42. The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties

owed by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., including, but not limited to, the following:

a. Placing in the channels of trade a product that the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

b. Distributing a product that posed a risk of fire during normal use;

c. Marketing an inherently unsafe and/or dangerous product;

d. Misrepresenting that the Product was safe when the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., knew or should have known that the product was dangerous and unsafe;

e. Failing to comply with applicable federal, state, and/or local regulations, statutes, and/or ordinances, regarding the design and manufacture of the Product;

f. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

g. Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

h. Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

i. Failing to warn users of the existence of a dangerous condition associated with the Product; and

3242132.v1

j. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

43. Plaintiffs have been damaged as a result of the acts or omissions of the Defendant.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

**COUNT IV**
**(Breach of Implied Warranty of Merchantability v.**
**Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.)**

44. The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 43 above, as if expressly re-written and set forth herein.

45. The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., packaged, labeled, sold, supplied, designed, manufactured, and/or distributed the Product.

46. The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., as the distributor and/or manufacturer of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

47. The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., was a merchant with respect to goods of the kind involved in the Loss.

48. The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

49. Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

50. The Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

51. The Fire, Loss and resulting damage to the property located at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P.

52. Due notice has been given to the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., of its breach of said implied warranty of merchantability.

53. Plaintiffs are entitled to recover damages on account of Defendant's acts or omissions.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## COUNT V
### (Negligence v. KYOCERA Document Solutions New England, Inc.)

54. The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 53 above, as if expressly re-written and set forth herein.

55. The Fire, Loss and resulting damage to property located at the Condominium and inside of Unit 309 and Unit 409 were proximately caused by the negligence and breaches of duties owed by the Defendant, KYOCERA Document Solutions New England, Inc., including, but not limited to, the following:

 a. Placing in the channels of trade a product that the Defendant, KYOCERA Document Solutions New England, Inc., knew or, with reasonable care, should have known, was unreasonably dangerous and unsafe;

 b. Distributing a product that posed a risk of fire during normal use;

 c. Marketing an inherently unsafe and/or dangerous product;

 d. Misrepresenting that the Product was safe when the Defendant, KYOCERA Document Solutions New England, Inc., knew or should have known that the product was dangerous and unsafe;

11

e. Failing to make appropriate recommendations concerning the use and maintenance of the Product;

f. Failing to warn users, including Francis R. Bellanti, that the Product was susceptible to malfunction and fire;

g. Failing to warn users, including Francis R. Bellanti, that the Product could cause or contribute to property damage as a result of malfunction and fire;

h. Failing to warn users of the existence of a dangerous condition associated with the Product; and

i. Otherwise failing to exercise reasonable care under the circumstances which then and there existed.

56. Plaintiffs have been damaged as a result of the acts or omissions of the Defendant.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, KYOCERA Document Solutions New England, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, KYOCERA Document Solutions New England, Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

### COUNT VI
**(Breach of Implied Warranty of Merchantability v.
KYOCERA Document Solutions New England, Inc.)**

57. The Plaintiffs repeat, re-allege, and incorporate by reference the allegations contained in paragraphs 1 through 53 above, as if expressly re-written and set forth herein.

58. The Defendant, KYOCERA Document Solutions New England, Inc., sold, supplied, and distributed the Product.

59. The Defendant, KYOCERA Document Solutions New England, Inc., as a distributor of the Product, impliedly warranted that the Product was of merchantable quality, safe, reasonably fit for its intended uses, and free of any defects.

60. The Defendant, KYOCERA Document Solutions New England, Inc., was a merchant with respect to goods of the kind involved in the Loss.

61. The Defendant, KYOCERA Document Solutions New England, Inc., also knew or had reason to know that Francis R. Bellanti and those utilizing the Product relied on the implied warranty of merchantability made by the Defendant, KYOCERA Document Solutions New England, Inc.

62. Francis R. Bellanti used the Product for its intended purpose and maintained the Product in a safe and proper manner without any alteration or modification, and in accordance with the Product's instructions.

63. The Defendant, KYOCERA Document Solutions New England, Inc., breached the implied warranty of merchantability because the Product was not of merchantable quality, unsafe, not reasonably fit for its intended purposes and not free of any defects.

64. The Fire, Loss and resulting damage to the property located at the Condominium and inside of Unit 309 and Unit 409 occurred as a direct and proximate result of the breach of said implied warranty of merchantability by the Defendant, KYOCERA Document Solutions New England, Inc.

65. Due notice has been given to the Defendant, KYOCERA Document Solutions New England, Inc., of its breach of said implied warranty of merchantability.

66. Plaintiffs are entitled to recover damages on account of Defendant's acts or omissions.

WHEREFORE, the Plaintiffs respectfully demand that judgment enter on their behalf and against the Defendant, KYOCERA Document Solutions New England, Inc., in the maximum amount allowed by law, plus interest, costs and attorneys' fees, and all other amounts which are recoverable by law.  Furthermore, the Plaintiffs demand judgment against the Defendant, KYOCERA Document Solutions New England, Inc., in an amount that will adequately compensate the Plaintiffs for their injuries, damages and/or losses, together with interest and costs.

## **DEMAND FOR RELIEF**

WHEREFORE, the Plaintiffs request that the Court:

1. Enter a judgement against the Defendants declaring that the Defendants are legally and financially responsible for the damages that the Plaintiff and its insured sustained or incurred;

2. Award the Plaintiffs compensatory damages against the Defendants in an amount equal to the damages they have incurred or suffered;

3. Award the Plaintiffs costs of suit, including attorneys' and expert witness fees;

4. Award the Plaintiffs interest, including, but not limited to, pre-judgement interest; and

5. Fashion such other relief as the Court deems just and proper.

## **JURY DEMAND**

The Plaintiffs demand a trial by jury on all issues so triable.

        Respectfully submitted,
        Plaintiffs,
        By their Attorneys,

        /s/ Anthony J. Antonellis
        _____
        Anthony J. Antonellis, Esq., BBO# 557964
        John A. Donovan, III, Esq., BBO# 631110
        Matthew D. Rush, Esq., BBO# 669990
        Sloane and Walsh LLP
        One Boston Place, Ste. 1600
        201 Washington St.
        Boston, MA 02018
        aantonellis@sloanewalsh.com
        jdonovan@sloanewalsh.com
        mrush@sloanewalsh.com

Date: February 22, 2024

3242132.v1

**CERTIFICATE OF SERVICE**

  I, Matthew D. Rush, do hereby certify that on this 22nd day of February, 2024, the above document was served via electronic mail and/or first-class mail, postage prepaid, and/or via service via the Massachusetts e-filing system, to the following:

Christopher G. Betke, Esq.
Kristen L. Ruotolo, Esq.
Coughlin Betke LLP
175 Federal Street
Boston, MA  02110
cbetke@coughlinbetke.com
kruotolo@coughlinbetke.com

            /s/ Matthew D. Rush
            Matthew D. Rush

3242132.v1