UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Mark MCDEVITT, PETER BUKURAS )<br>MARTIN J. QUIRK, JR., )<br>WILLIAM DOHERTY, and )<br>FRED CUCINATTA, as Trustees of )<br>Quincy West Condominium Trust, )<br>WILLIAM DOHERTY, Individually and )<br>RICHARD J. BUCCHEIR, as Trustee of )<br>29 Sunset Point Realty Trust, )<br>        Plaintiffs, )<br>         )<br>v. )<br>         )<br>HP, INC., and, )<br>HEWLETT-PACKARD DEVELOPMENT )<br>COMPANY, L.P. D/B/A HP )<br>DEVELOPMENT COMPANY, L.P., )<br>        Defendants )| CIVIL ACTION NO.: 1:24-cv-10300 |

**DEFENDANTS, HP INC. AND HEWLETT-PACKER DEVELOPMENT COMPANY, L.P. D/B/A HP DEVELOPMENT COMPANY, L.P.'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendants, HP, Inc. and Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. (hereafter, the "Defendants") makes this its answer and jury demand to the Complaint filed by Mark McDevitt, Peter Burkus, Martin J. Quirk, Jr., William Doherty and Fred Cucinatta, as Trustees of Quincy West Condominium Trust, William Doherty, Individually and Richard J. Buccheir, as Trustee of 29 Sunset Point Realty Trust (collectively, "Plaintiffs"). Unless specifically answered herein, all allegations of the complaint are denied.

**THE PARTIES**

1. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

2. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

3.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

4.    The Defendant admits that it is a Delaware corporation having a principal place of business in California.  The Defendant admits that it is registered to do business in Massachusetts.

5.    The Defendant admits it is alleged to be a limited partnership organized under the laws of and with its principle place of business located in Texas.[1]

## FACTS

6.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

7.    Denied as to HPDC.  Defendant HPI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph since HPI does not know what plaintiffs mean when plaintiffs use the phrase at "all relevant times" and calls upon the plaintiffs to prove the same. Further, answering HPI admits that it is in the business of designing, marketing, selling and distributing notebook computers.  HPI admits that notebook computers are assembled and packaged on its behalf.

8.    The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

9.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

10.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

11.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

12.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

---

[1]  Hewlett-Packard Development Company, L.P. d/b/a HP Development Company, L.P. (hereinafter "HPDC")  is not a proper party to the action.  Based on the allegations of plaintiffs' complaint, the only proper party would be HP Inc.

13. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

14. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

15. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

16. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

17. Denied.

18. To the extent the Fire is defined to have been started by an HP product, denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

24. Denied.

## COUNT I
**(Negligence v. HP, Inc.)**

25. The Defendants incorporate herein by reference their answers to Paragraphs 1 through 24 and makes that their answer to this paragraph.

26.  (a-j) Denied.

27. Denied.

WHEREFORE, the Defendants says that the plaintiffs' complaint against it should be dismissed and that judgment enter for the Defendants, together with its costs.

## COUNT II
### (Breach of Implied Warranty of Merchantability v. HP)

28. The Defendants incorporate herein by reference their answer to Paragraphs 1 through 28 and makes it their answer to this paragraph.

29. The Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

30. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

31. The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

WHEREFORE, the Defendants say that the Plaintiffs' complaint against it should be dismissed and that judgment enter for the Defendants, together with its costs.

## COUNT III
### (Negligence v. Hewlett-Packard Development Company, L.P., d/b/a HP Development Company, L.P.)

38. The Defendants incorporate herein by reference their answers to Paragraphs 1 through 37 and makes that their answer to this paragraph.

39. (a-j) Denied.

40. Denied.

WHEREFORE, the Defendants say that the Plaintiffs' complaint against it should be dismissed and that judgment enter for the Defendants, together with its costs.

## COUNT IV

4

**(Breach of Implied Warranty of Merchantability v. Hewlett-Packard Development Company, L.P., d/b/a HP Development Company, L.P.)**

41.   The Defendants incorporate herein by reference their answer to Paragraphs 1 through 40 and makes it their answer to this paragraph.

42.   The Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

43.   The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

44.   The Defendants can neither admit nor deny the allegations contained in this paragraph since such statements contain legal conclusions and calls upon the Plaintiffs to prove the same.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

50.   Denied.

WHEREFORE, the Defendants say that the Plaintiffs' complaint against it should be dismissed and that judgment enter for the Defendants, together with its costs.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Further answering, the complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Further answering, no act or omission of the Defendants alone or in combination was a proximate cause of any damage allegedly sustained by the Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Further answering, any alleged injuries and damages of the Plaintiffs were proximately caused by the intervening and superseding act of other parties or third persons over whom the Defendants had no control or right of control and for whose actions the Defendants are not liable.

### FOURTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is judicially determined that the Defendants were negligent, which is specifically denied, then it is averred that the negligence of the plaintiffs when compared to the negligence of the Defendants bar any claims against the Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs have failed to mitigate their damages.

### SIXTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are barred by any applicable statues of repose and limitations, as well as the doctrines of repose, laches and estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is determined that Plaintiffs were in possession of a product distributed, designed and/or sold by the defendant, which is specifically denied, such product was not defective or unreasonably dangerous.

### EIGHTH AFFIRMATIVE DEFENSE

Further answering, in the event that plaintiffs incurred any injuries or damages as alleged in the complaint, which is specifically denied, then to the extent such injuries and damages may be attributable to any act or omission or any product of the Defendants, then such act, omission, or product exposure was and is de minimis and not a substantial contributing factor to Plaintiffs' alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Further answering, based upon the state of scientific and technological knowledge of the Defendants at the time the product was marketed, the product was not defective or unreasonably dangerous and did not present a foreseeable risk of harm to the plaintiffs in the normal and expected use of the product.

### TENTH AFFIRMATIVE DEFENSE

Further answering, any warnings or instructions that accompanied any the Defendants product or products were proper.

### ELEVENTH AFFIRMATIVE DEFENSE

Further answering, if it is determined that the Plaintiffs were damaged as alleged in the complaint, which the Defendants specifically denies, then the acts or omissions of the Defendants when compared to the acts or omissions of the other parties entitles the Defendants to contribution and/or indemnity.

## TWELFTH AFFIRMATIVE DEFENSE

Further answering, Plaintiffs' claims are barred or must be reduced due to Plaintiffs' comparative and/or contributory negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

Further answering, the Defendants' product was placed into the stream of commerce with proper and adequate warnings.

## FOURTEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that if the Plaintiffs were damaged as alleged, plaintiffs' damages resulted from their misuse of the subject product.

## FIFTEENTH AFFIRMATIVE DEFENSE

Further answering, the Defendants say that to the extent it owed any duty to the Plaintiffs or any other person, firm or other entity, such obligations have been fully, completely and properly performed in every respect.

## SIXTEENTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is determined that the Plaintiffs were in possession of a product distributed, designed and/or sold by the Defendants, which is specifically denied, such product was of good and merchantable quality and fit for its ordinary intended and foreseeable use and particular purpose.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Further answering, the Defendants engaged in no unfair or deceptive acts or practices.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Further answering, in the event that it is judicially determined that the Defendants engaged in unfair or deceptive acts or practices, which is specifically denied, the Defendants state that such acts did not occur within the Commonwealth of Massachusetts.

## NINETEENTH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that the acts complained of were not committed by a person for whose conduct the defendants were legally responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

And further answering, the Defendants say that to the extent a HP product was on the premises as alleged, it was substantially modified, changed or altered from the time it left Defendants control.

## TWENTIFIRST AFFIRMATIVE DEFENSE

Further answering, the Defendants reserve the right to assert any and all affirmative defenses which discovery hereafter may reveal to be appropriate.

## JURY DEMAND

The Defendants hereby demand a trial by jury as to all issues so triable.

                                      Respectfully submitted,
                                      Defendants, HP, Inc., and
                                      Hewlett-Packard Development Company, L.P. d/b/a
                                      HP Development Company, L.P.
                                      By their attorneys,

                                      __/s/ Christopher G. Betke_____
                                      Christopher G. Betke, BBO# 552588
                                      Kristen L. Ruotolo, BBO# 685704
                                      Coughlin Betke LLP
                                      175 Federal Street
                                      Boston, MA 02110
                                      (617) 988-8050
                                      cbetke@coughlinbetke.com
                                      kruotolo@coughlinbetke.com

Dated: February 22, 2024

## **CERTIFICATE OF SERVICE**

      I, Christopher G. Betke, Esq., do hereby certify that on this 22nd day of February 2024, I served a copy of the within document via email to:

Anthony J. Antonellis, Esq.
John A. Donovan, Esq.
Matthew D. Rush, Esq.
Slone and Walsh, LLP
One Boston Place, Suite 1600
Boston, MA 02108
aantonellis@sloanewalsh.com
jdonovan@sloanewalsh.com
mrush@sloanewalsh.com

                                          */s/ Christopher Betke*
                                          Christopher G. Betke, Esq.